## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLARD E. MOORE, JR.,
                Appellant,

        v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
AT-1221-11-0978-W-1

DATE: January 9, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Willard E. Moore, Jr., Huntsville, Alabama, pro se.

Kathryn R. Shelton, Redstone Arsenal, Alabama, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the January 30, 2012 initial decision, which dismissed his individual right of action (IRA) appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The appellant was employed by the agency as the Director of Emergency Services for the U.S. Army Garrison-Redstone. Initial Appeal File (IAF), Tab 4 at 58. During the appellant's probationary period, the agency suspended him for 14 days without pay and reassigned him to a Supervisory Strategic Planning Specialist position, based upon charges of disrespectful behavior toward subordinates and use of inappropriate and offensive language during staff meetings. *Id.* at 58-59. Approximately 1 month later, the agency notified the appellant that he would be terminated from his Supervisory Strategic Planning Specialist position, based upon his failure to accept responsibility for his prior actions. *Id.* at 60-61. Prior to the effective date of his termination, the appellant resigned from his position. IAF, Tab 1 at 14.

¶3     The appellant filed a Board appeal, alleging that the agency had suspended him, reassigned him, and proposed his termination in retaliation for his protected whistleblowing activities. IAF, Tab 1 at 4, 6-11. On the date that the hearing requested by the appellant was originally scheduled to occur, the parties entered into a settlement agreement. IAF, Tab 1 at 2, Tab 17 at 1, Tab 27 at 4-6. In the agreement, the agency agreed to pay the appellant's counsel up to $10,000.00 for attorney fees and expenses. IAF, Tab 27 at 5.

¶4     On January 30, 2012, the administrative judge issued an initial decision dismissing the appeal as settled and accepting the settlement agreement into the record for enforcement purposes. IAF, Tab 28, Initial Decision (ID). The administrative judge informed the parties that the initial decision would become final on March 5, 2012, unless a petition for review were filed by that date. ID at 2.

¶5     On August 6, 2014, the appellant, proceeding pro se, filed a pleading entitled "Request to Vacate Initial Decision per Settlement Agreement," in which he asserts that he had agreed to settle his appeal based upon improper advice from his former counsel. Petition for Review (PFR) File, Tab 1 at 1, 12. He claims

that his former counsel had advised him that the administrative judge rarely ruled in favor of appellants, that it was unlikely that he would prevail in his appeal, and that her fee for moving forward to a hearing was $15,000.00. *Id.* at 12. In addition, he argues that the fact that the agency had offered to pay attorney fees in settlement indicated that his former counsel was motivated by self-interest when she advised him to settle. *Id.* Finally, he asserts that two of his witnesses were intimidated at the time he settled his appeal but are now in situations in which they were shielded from "intimidation and reprisal." PFR File, Tab 5 at 5.

¶6 The Clerk of the Board informed the appellant that the Board considered his filing to be a petition for review, which appeared to be untimely, and advised the appellant that he could file a motion for waiver of the filing time limit. PFR File, Tab 2 at 1-2. The Clerk attached a blank form "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit" to the notice. *Id.* at 7-8. In response to the Clerk's notice, the appellant submitted a motion for waiver, which was signed under penalty of perjury. PFR File, Tab 3. The agency has not responded to the appellant's filings.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 An attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the case as settled. *Hazelton v. Department of Veterans Affairs*, 112 M.S.P.R. 357, ¶ 8 (2009). The Board's regulations provide that a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date that the appellant received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on January 30, 2012, and the appellant does not allege that he received the initial decision more than 5 days after its issuance date. ID at 1; PFR File, Tabs 1, 5. Accordingly, the appellant's

August 6, 2014 petition for review, which was due no later than March 5, 2012, was untimely by 2 years and 5 months. *See* ID at 2.

¶8    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, the appellant must demonstrate that he exercised due diligence or ordinary prudence under the particular circumstances of his case. *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980) (setting forth this rule in the context of filing an initial appeal). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9    Applying these factors, we find that the appellant has not shown good cause for his filing delay in this case. Although the appellant is now pro se, his filing delay of 2 years and 5 months is substantial. *See Lobell v. Department of Agriculture*, 98 M.S.P.R. 582, ¶ 5 (2005) (finding a 2-year delay to be substantial, despite an appellant's pro se status). In his motion for waiver, the appellant asserts that his petition for review was untimely because he was depressed and mentally exhausted after he entered into the settlement agreement. PFR File, Tab 5 at 5. To establish that an untimely filing was the result of a mental or physical illness, the appellant must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his petition for review or requesting an extension of time. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998) (setting forth

this rule in the context of an untimely filed initial appeal). The appellant was notified of these requirements in the blank form "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit" attached to the Clerk's notice. PFR File, Tab 2 at 7 n.1. However, the appellant has not identified the duration of his alleged depression and mental exhaustion, has not provided any medical documentation in support of his alleged conditions, and has not explained how his conditions prevented him from filing a petition for review or requesting an extension of time. *See* PFR File, Tab 5 at 5. Accordingly, the appellant's claims of mental exhaustion and depression do not establish good cause for his untimely filing. *See Davis v. U.S. Postal Service*, 101 M.S.P.R. 107, ¶ 6 (where an appellant failed to explain how his depression caused his filing delay or submit any medical documentation in support of his condition, he did not establish good cause for the untimely filing of his petition for review), *aff'd*, 192 F. App'x. 966 (Fed. Cir. 2006).

¶10     The appellant further asserts that his petition for review was untimely because he left the United States for employment in the Middle East in "late 2012," and did not return until July 2014. PFR File, Tab 5 at 5. The appellant has not supported this assertion with any documentation, and has not described the nature or conditions of his employment in the Middle East, or explained how they prevented him from filing his petition for review.[2] *Id.* However, even assuming that employment in the Middle East could establish good cause for an untimely filing, the initial decision became final on March 5, 2012, several months before the appellant alleges that he departed for the Middle East. PFR

---

[2] If the appellant were performing active duty military service in the Middle East, as opposed to civilian employment, under the Servicemembers' Civil Relief Act of 2003 (SCRA), the deadline for filing his petition for review would be tolled for the period of his military service. 50 U.S.C. app. §§ 511(2)(A)(i), 526(a); *see Brown v. U.S. Postal Service*, 106 M.S.P.R. 12, ¶ 12 (2007) (applying the SCRA tolling provision to Board proceedings). However, the appellant has not alleged that he performed military service between the date that the initial decision was issued and the date that he filed his petition for review. *See* PFR File, Tab 5 at 5.

File, Tab 5 at 5; ID at 2. The appellant has not established good cause for his failure to timely file his petition for review or request an extension of time either before the initial decision became final or before he left the United States. *See Gethers v. Department of the Navy*, 59 M.S.P.R. 196, 197-98 (1993) (the fact that an appellant was out of town did not establish good cause for his filing delay where he failed to explain why he was unable to file his petition for review or request an extension of time prior to his departure).

¶11    The appellant also claims that in early August 2014, he learned that two key witnesses in his appeal, the Deputy Garrison Commander and Garrison Commander, were "now in situations that effectively shielded them from intimidation and reprisal." PFR File, Tab 5 at 5. To the extent that the appellant contends that the testimony of the Deputy Garrison Commander and Garrison Commander constitutes new and material evidence, this assertion fails to establish a basis for waiving the filing deadline. The discovery of new evidence may constitute good cause for waiver of the filing deadline if the evidence is material, was not previously available despite the party's due diligence, and is of sufficient weight to warrant an outcome different from that of the initial decision. *Lybrook v. Department of the Navy*, 51 M.S.P.R. 241, 244 (1991). Here, the record indicates that the appellant intended to call the Deputy Garrison Commander and Garrison Commander to testify as witnesses at the hearing but did not do so because the parties settled the appeal prior to the hearing. *See* IAF, Tab 4 at 13 (identifying the Deputy Garrison Commander and Garrison Commander), Tab 18 at 7, 9 (listing the Deputy Garrison Commander and Garrison Commander as witnesses). The appellant has not identified any new or different information that these individuals would provide now that they are allegedly shielded from intimidation and reprisal. *See* PFR File, Tab 5 at 5 (describing the anticipated testimony of appellant's witnesses in his motion for waiver);  IAF, Tab 18 at 7, 9 (describing the appellant's anticipated testimony from Deputy Garrison Commander and Garrison Commander in his prehearing

submissions). Thus, the testimony of the Deputy Garrison Commander and Garrison Commander is not new evidence because the appellant was aware of its existence before the record closed below. *See McCarthy v. Department of the Air Force*, 56 M.S.P.R. 475, 477-78 (finding that the testimony of a witness scheduled to testify at hearing before an appeal settled and who the appellant alleged was threatened by the agency was not new and material evidence), *aff'd*, 11 F.3d 1072 (Fed. Cir. 1993).

¶12     Finally, the appellant presents several arguments regarding the merits of his appeal. PFR File, Tab 5 at 5. However, arguments regarding the merits of an appeal are irrelevant to the issue of whether the appellant has shown good cause for the untimeliness of his petition for review. *Ferguson v. Department of the Air Force*, 105 M.S.P.R. 301, ¶ 7 (2007).

¶13     Because we find that the petition for review was untimely, we decline to adjudicate the appellant's claims that the settlement agreement is invalid. *See Rufus v. U.S. Postal Service*, 50 M.S.P.R. 62, 63-65 (1991) (declining to reach allegations that the appellant was coerced into entering a settlement by her representative's statements in light of the untimeliness of her petition for review). Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board with regard to the dismissal of the appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our

website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.